RECEIVED

FEB - 5 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

RAGE RENEE BROUSSARD, II

VERSUS

DELMAR SYSTEMS, INC.

**6:07-CV-0197** **LO**
**JUDGE HAIK**
**MAGISTRATE JUDGE HILL**

JURY TRIAL REQUESTED

*******************************************************************

## SEAMAN'S COMPLAINT FOR DAMAGES

COMES NOW, Rage Renee Broussard, III, ("Broussard"), complaining of DELMAR SYSTEMS, INC. ("DELMAR") and, for cause of action, Broussard would respectfully show and represent unto this Honorable Court, as follows:

1.

This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears.

2.

Broussard, age 23, with date of birth of 02/02/83, is a resident of Delcambre, Vermilion Parish, Louisiana, domiciled at 512 "A" South Central, Delcambre, Louisiana, 70528.

3.

Delmar is thought to be a domestic corporation, organized and existing by virtue of the laws of the State of Louisiana, having its principal place of business in Broussard, Louisiana, and it is licensed to do and doing business in this State and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, Frank X. Neuner, One Petroleum Center, Suite 200, 1001 W. Pinhook Road, Lafayette, Louisiana.

4.

That, at all times hereinafter mentioned, Broussard was employed as a rigger by Delmar and was assigned to work on the *M/V GARY CHOUEST*, among others.

5.

That, at all times hereinafter mentioned, Broussard performed his work as a rigger for Delmar on the *M/V GARY CHOUEST* and contributed to its mission and purpose.

6.

That, on or about, August 20, 2006, while the *M/V GARY CHOUEST* was engaged in an anchor handling operation in the Gulf of Mexico, Broussard, in the course of his employment, and pursuant to orders, was caused to suffer an accident and injury on the back deck of the *M/V GARY CHOUEST* when a co-employee dropped a 100 lb. anchor chain link on his right hand.

7.

That, the injuries and damage suffered by Broussard were caused by the negligence of Delmar and/or the unseaworthiness of the *M/V GARY CHOUEST*, as well as by Delmar's breach of its obligation to provide him with a safe place to work.

8.

That, by reason of the negligence of Delmar and the unseaworthiness of the *M/V GARY CHOUEST*, Broussard sustained great bodily injuries; he became and still remains sick and disabled; and among other things, he suffered a severe crushing injury to his right hand, in general, and, in particular, a fracture of the long and index fingers; that he has been incapacitated from his usual

work and still prevented from pursuing his ordinary occupation; that his ability to perform work has been and may be as a result of said injuries greatly lessened, diminished and affected; that his ability to engage in recreational activities, has been as a result of said injuries, lessened, diminished and affected; that the injury to his right hand and the adjacent anatomical structures has caused and will cause a loss of strength in the right upper extremities; that Broussard is informed and believes that the injuries which he suffered as a result of the negligence of Delmar and the unseaworthiness of the *M/V GARY CHOUEST* are permanent and will cause disability and interfere with his enjoyment of life; that he has required and may in the future require medical treatment as a result of said injuries and that Broussard is informed and believes that he has been otherwise permanently injured and that he has in the past been disabled and, may in the future, continue to suffer a disability to his right hand.

9.

That, as a consequence of the foregoing, Broussard has suffered, is suffering and will continue to suffer damages, including, without limitation, past and future physical and mental pain and suffering, past and permanent future disability, loss of wages, loss of earning capacity, loss of enjoyment of life and past and future medical expenses. In consequence, the amount due and to become due to Broussard is ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS as nearly as the same can be estimated.

10.

That, Broussard also brings this action for maintenance and cure, because he became sick and disabled while in the service of *M/V GARY CHOUEST* and, therefore, claims he is also entitled to maintenance and cure for the period of his disability. Furthermore, Delmar has acted arbitrarily and capriciously in its failure to provide Broussard with prompt and proper maintenance and cure and, in consequence, Broussard is entitled to have punitive and/or exemplary damages assessed against Delmar. Broussard is also entitled to an award of attorney's fees which he has incurred, and will incur in asserting his right to receive proper maintenance and cure. Broussard also claims damage, because Delmar has refused to pay to him, or to pay on his behalf, prompt and adequate maintenance and cure, and he has been made worse as a result thereof. In consequence, Broussard is entitled to damages under the Jones Act. The amount due and to become due to Broussard, because Delmar's failure and/or refusal to pay prompt and proper maintenance and cure, is ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS as nearly as same can be estimated.

11.

That, Broussard requests and is entitled to trial by jury.

WHEREFORE, Broussard prays that Delmar be served with a copy of his Seaman's Complaint for Damages and that it be duly cited to appear and answer herein; that after the lapse of all legal delays and due proceedings had, there be judgment in favor of Broussard and against Delmar in the full and true sum of TWO MILLION AND NO/100 ($2,000,000.00) DOLLARS, together with legal interest from

the date of incident until paid and for all costs of these proceedings, and for trial by jury.

LAWRENCE N. CURTIS, LTD.
(A Professional Law Corporation)
300 Rue Beauregard, Building "C"
Post Office Box 80247
Lafayette, Louisiana 70598-0247
Telephone: 337.235.1825
Facsimile: 337.237.0241

BY: ______________________
LAWRENCE N. CURTIS (4678)